**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:05-CR-384 CAS |
| | ) | |
| TYRON GANT, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This closed criminal matter is before the Court on defendant's motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2).

On May 27, 2008, defendant filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). On June 5, 2008, the government responded to the motion, stating that the amendment to the sentencing guidelines is inapplicable to defendant because he was sentenced to a statutory mandatory minimum penalty.

Based on the record, the Court finds that defendant pleaded guilty to one count of distribution of in excess of 50 grams of cocaine base. On December 1, 2005, the Court sentenced defendant to 120 months of incarceration, which is the mandatory minimum penalty pursuant to 21 U.S.C. § 841(b)(1)(A)(iii). The Sentencing Commission has not, and cannot, alter a statutory mandatory minimum sentence. See Supplement to 2007 Guidelines Manual - March 3, 2008, § 1B1.10, App. Note 1(A) ("[A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if . . . [an] amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another . . . statutory provision (e.g., a statutory mandatory minimum term of imprisonment)."); see also United

States v. Jones, 523 F.3d 881, 882 (8th Cir. 2008) (finding appellant ineligible for relief under retroactive amendments because original sentence imposed pursuant to mandatory minimum).

Accordingly,

**IT IS HEREBY ORDERED** that defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) is **DENIED**. [Doc. 40]

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this _____9th_____ day of June, 2008.